Lynch v City of New York (2021 NY Slip Op 02751)





Lynch v City of New York


2021 NY Slip Op 02751


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Kennedy, Shulman, JJ. 


Index No. 655831/16 Appeal No. 13310 Case No. 2019-03925 

[*1]Patrick J. Lynch etc., et al., Plaintiffs-Appellants-Respondents,
v
The City of New York, et al., Defendants-Respondents-Appellants.


Friedman Kaplan Seiler & Adelman LLP, New York (Robert S. Smith of counsel), for appellants-respondents.
James E. Johnson, Corporation Counsel, New York (John Moore of counsel), for respondents-appellants.



Order and judgment (one paper), Supreme Court, New York County (Margaret A. Chan, J.), entered on or about July 9, 2019, to the extent it denied in part plaintiffs' motion for summary judgment and granted in part defendants' motion for summary judgment, unanimously modified, on the law, to grant the part of plaintiffs' motion seeking summary judgment on their first, second, third, and fourth causes of action and declaring that defendants have wrongfully denied transfers, purchase, and buy-back of credit pursuant to Retirement and Social Security Law §§ 43, 513(b), and 645(2) and Administrative Code §§ 13-143 and 13-218, and it is so declared, and otherwise affirmed, without costs.
Supreme Court properly converted this action seeking declaratory relief into a CPLR article 78 proceeding, since the "critical issue in the administration" of the retirement plans at issue "is the interpretation of the statute[s]" governing credit transfers, purchase, and buy-backs, and "when that issue is resolved it remains for the [City] to perform ministerial acts, the making of arithmetic reckonings" (Matter of Town of Arietta v State Bd. of Equalization & Assessment, 56 NY2d 356, 362 [1982]). Plaintiffs' request to nullify any individual determinations essentially seeks review based on errors of law (see CPLR 7803[3]).
Article 14 of the Retirement and Social Security Law (RSSL) establishes tier 3 employment but does not exclusively govern every right and benefit enjoyed by all tier 3 members (Lynch v City of New York, 35 NY3d 517, 527 [2020]). Pursuant to RSSL 519(1), rules and regulations outside of RSSL article 14 relating to the reemployment of retired members, transfer of members and reserves between systems shall apply to tier 3 members "unless inconsistent" with article 14.
Section 513(c)(1), titled "Creditable service," provides eligibility requirements to obtain credit for service for prior service in defined public employment in the same terms as those enjoyed by tier 2 employees pursuant to RSSL 446(c). Section 513(c)(2) excludes from those broader eligibility requirements police/fire members other than those particular employees who meet the description under the statute, which provides:
"A police/fire member shall be eligible to obtain credit for service with a public employer described in [§ 513(c)(1)] only if such service, if rendered prior to July first, nineteen hundred seventy-six by a police/fire member who was subject to article eleven of this chapter, would have been eligible for credit in the police/fire retirement system or plan involved" (RSSL 513[c][2])
So read, RSSL 513(c)(2) does not conflict with the purchase and buy-back schemes provided under RSSL 513(b) and 645(2), which permit members to pay for service time. Nor does RSSL 513(c)(2) conflict with §§ 13-143 and 13-218 of the Administrative Code of the City of New York, which only confers rights on those members who meet the eligibility requirements of joining the Police Pension [*2]Fund (PPF) from specific public service roles that immediately precede their police service. New York State and Local Employees' Retirement System (NYSLERS) members who join the PPF also may avail themselves of the transfer rights under RSSL 43, which provides that "[a]ny member of the [NYSLERS] may transfer his membership to any retirement system, other than the hospital retirement system" (RSSL 43[a]).
Our interpretation is foremost supported by the statutory language of RSSL article 14, and furthermore accords with the fundamental principles of statutory interpretation that statutes should be read as a whole and that provisions should be read harmoniously so that each and every part of a statute can be given effect (Matter of Anonymous v Molik, 32 NY3d 30, 37 [2018]; see also McKinney's Statutes §§ 97; 98).
Finally, nothing in the 2002 settlement agreement between the parties evinces the "intention of the parties at the time they entered into the contract" to apply the agreement to tier 3 members (AQ Asset Mgt. LLC v Levine, 111 AD3d 245, 256 [1st Dept 2013] [internal quotation marks omitted]), of whom there were none until July 1, 2009 (see RSSL 500[c]; Lynch v City of New York, 23 NY3d 757, 765 [2014]).
We have considered the defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021